*1184 OPINION.
Love :
The Commissioner contends that the provisions of the contract in question for the payment of 6 per cent per annum on the unpaid balance due on the stock was in effect a part of the purchase price or a guaranteed dividend and not interest. Clearly, the seller endorsed the stock and passed it out of his possession and control to the trustee. He retained only the right to the agreed money payments, at stipulated times, and the right to 6 per cent per annum for the unpaid balances. In case of default he had the right of recovery of the unpaid stock or specific performance of the contract. There clearly existed the simple relationship of debtor and creditor in which the total amount of the indebtedness, the time due, and the consideration for the deferred payments were fixed. To hold that the consideration for the unpaid balances constituted guarantee dividends or part of the consideration for the stock itself, in our opinion, would be a forced and unnatural construction of the plain meaning of the contract.

Judgment for the petitioner. Order of re-determination will he entered on 15 days’ notice, under Rule 50.